UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-171-DLB-CJS

HENRY TACKETT                                                                              PLAINTIFF

v.                           **MEMORANDUM OPINION AND ORDER**

ELOVATIONS SERVICES GROUP, LLC                                          DEFENDANT

* * * * * * * * * * * * * * * *

This matter is before the Court on Plaintiff Henry Tackett's Motion to Remand (Doc. # 9) this action to the Kenton County Circuit Court. The Motion is fully briefed and ripe for the Court's review. For the reasons set forth herein, Plaintiff's Motion to Remand shall be **granted**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the firing of Plaintiff Henry Tackett by Defendant Elovations Services Group, LLC ("Elovations") on July 6, 2018. (Doc. # 1-1 at 4). Tackett became a Trainer at Elovations on or around July 8, 2014. *Id.* at 2. A number of Tackett's co-workers were minority employees, including many "Muslim male and female employees who wore religious headpieces as required by their religion." *Id.* at 3. In approximately May or June 2018, new security guards were hired at Elovations; it is alleged that the new security employees either "authorized or changed [the] company dress code policies to allegedly reduce employee theft." *Id.* The new policy prohibited the wearing of religious headpieces and Muslim employees were told to remove their religious headwear or face

1

termination. *Id.*

Plaintiff alleges that on or around July 3, 2018, a distressed Muslim employee informed Tackett that the employee had been fired because he would not remove his religious headpiece. *Id.* The security supervisor who had terminated the employee—Shawn Webster—allegedly heard Tackett say "[i]t's a shame that we've lost such good employees here because of religious discrimination." *Id.* Webster allegedly reported Tackett for being insubordinate and confrontational to management. *Id.* Tackett was "written [a] 'corrective action'" which stated "[t]his morning you confronted Security Supervisor Shawn Webster and challenged him on performing his duties, stating, 'this is stupid. We're losing good people.'" *Id.* at 4. Tackett allegedly would not sign the corrective action statement and, rather, provided Elovations with his version of what happened. *Id.* Three days later, on July 6, 2018, Tackett was terminated; Tackett was told the termination decision could be reviewed if he completed a "Problem Resolution Request" form. *Id.* Tackett completed the form and submitted it on July 10, 2018; he was informed on July 16, 2018 that his employment would remain terminated "by reason of misconduct." *Id.*

In light of his firing, Tackett filed suit in Kenton County Circuit Court on August 17, 2018. *Id.* at 2. His Complaint alleges a claim of religious discrimination which disparately impacted Muslim employees and created a hostile work environment, and a claim of retaliation, both under the Kentucky Civil Rights Act. *Id.* at 4-5. Plaintiff requests a number of damages including attorney's fees and costs. *Id.* at 5-6. Defendant Elovations then removed the case to this Court on September 19, 2018 on the grounds of diversity jurisdiction. (Doc. # 1). Plaintiff moved to remand the case to state court on September

2

28, 2018, arguing that the amount-in-controversy requirement for diversity jurisdiction had not been met. (Doc. # 9). Defendant having responded on October 10, 2018 (Doc. # 10) and Plaintiff having replied on October 22, 2018 (Doc. # 11), the motion is now ripe for the Court's review.

II. ANALYSIS

A. Standard of Review

A defendant may, "[e]xcept as otherwise expressly provided by Act of Congress," seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of the Province of Ont. v. City of Detroit (Her Majesty)*, 874 F.2d 332, 339 (6th Cir. 1989). Parties contesting removal on the grounds of subject-matter jurisdiction may file a motion to remand at any time following the notice of removal and prior to final judgment. 28 U.S.C. § 1447(c). "[T]he removal petition is to be strictly construed," *Her Majesty*, 874 F.2d at 339, and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999).

B. Amount-in-Controversy Requirement

The removing party bears the burden of establishing federal jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). If removal to federal court is based on diversity jurisdiction, the removing party must establish that there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. In this case, complete diversity is not contested. Rather, the Plaintiff argues the federal court does not have jurisdiction over the matter because the amount-

in-controversy requirement is not met. (Doc. # 9-1 at 1).

When a state's civil procedure rules prohibit a complaint from containing a specific request for damages, a removing defendant must show that the amount-in-controversy requirement is met by a preponderance of the evidence. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993), *abrogated on other grounds by Hertz v. Friend*, 559 U.S. 77 (2010)). Kentucky has such a civil procedure rule and thus the defendant "bears the burden of demonstrating that the district court has original jurisdiction;" it "must set forth . . . specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Adkins v. Kroger Ltd. P'ship I*, No. 5:18-cv-156-DCR, 2018 WL 1611592, at * 1 (E.D. Ky. Apr. 3, 2018) (*quoting Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)).

When determining the amount in controversy, the Court must not take into account interest and costs. 28 U.S.C. § 1332(a). It is generally appropriate for the Court, however, to consider other damages, including lost wages, punitive damages, and statutory attorney's fees. *Shupe*, 566 F. App'x at 479; *Adams v. Volkswagan Grp. of Am.*, No. 2:15-cv-184-DLB-JGW, 2016 WL 6986892, at *3 (E.D. Ky. Jan. 5, 2016). Here, the Plaintiff makes requests for past and future lost wages and benefits, compensatory damages for emotional distress and embarrassment, and attorney's fees, which the Court must consider in determining the amount in controversy.[1] *Shupe*, 566 F. App'x at 479

---

[1] The Plaintiff also requests punitive damages. Generally punitive damages are considered in calculating the amount in controversy. *Adams*, 2016 WL 6986892, at *3 (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Punitive damages, however, are not available under the Kentucky Civil Rights Act. *Hill v. Ky. Lottery Corp.*, 327 S.W.3d 412, 430 (Ky. 2010) ("KRS Chapter 344 [does] not authorize punitive damages for a civil rights violation."); *see also Shupe*, 566 F. App'x at 479. When "it is apparent to a legal certainty that such cannot

4

(finding that a Court can consider actual damages, including "back pay, front pay, lost benefits, humiliation, emotional distress, embarrassment, and attorney's fees"). In an affidavit, Defendant sets forth that Tackett's yearly compensation, including wages and benefits, totaled $37,504.49. (Doc. # 10-1 at 2). Should the litigation be lengthy, it is presumable that Plaintiff's lost wages alone would exceed the amount-in-controversy requirement. *Cox v. CTA Acoustics, Inc.*, No. 6:18-cv-114-CHB, 2018 WL 4119929, at *2 (E.D. Ky. Aug. 29, 2018). Further, sister courts in this district have previously found that lost wages and attorney's fees in cases under the Kentucky Civil Rights Act likely exceed $75,000. *See e.g. Jones v. AT&T Mobility, LLC*, No. 6:17-cv-320-KKC, 2018 WL 3341183, at * 2 (E.D. Ky. July 6, 2018). Accordingly, the Court finds that given the nature of the case, Plaintiff's compensation, and the extent of damages requested, the claim, more likely than not, exceeds the $75,000 amount-in-controversy requirement. *Rogers*, 230 F.3d at 871 (citing *Gafford*, 997 F.2d at 158).

This conclusion, however, is not the end of the Court's inquiry. At issue here is whether Plaintiff's statement in his Motion to Remand that the claim is for less than $75,000 is a sufficient stipulation which precludes removal of the case to federal court.[2]

---

be recovered," as is the case here, punitive damages should not be considered by the Court in determining whether the amount-in-controversy requirement is met. *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Thus, the Court will not consider punitive damages in determining the amount in controversy. Tackett additionally asks for costs and interests, which are not to be considered in determining the amount in controversy, and, therefore, will not be considered by the Court. 28 U.S.C. § 1332(a).

[2]    The Court will not consider the statements in the Complaint. Even if a complaint in Kentucky purports to limit the damages or relief sought, a court may still "grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Ky. R. Civ. P. 54.03(2). Further, "Kentucky plaintiffs are afforded substantial flexibility to amend their complaints" so a plaintiff "could choose to increase the amount [sought] as the litigation progresses." *Jefferson v. Hyatt Corp. of Del.*, No. 3:14-CV-00601-TBR, 2015 WL 1611834, at *2 (W.D. Ky. Apr. 10, 2015). Accordingly, a statement in a complaint that the plaintiff seeks less than $75,000 "itself cannot defeat diversity jurisdiction." *Id.*

A Plaintiff "is the master of the claim," so "a claim specifically less than the federal requirement should preclude removal." *Gafford*, 997 F.2d at 157. Specifically, "plaintiffs are entitled to stipulate that they do not seek, nor will they accept, damages in an amount exceeding $75,000." *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013). The stipulation must be an "unequivocal statement . . . limiting damages." *Id.* (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). This Court has previously articulated that, in a valid stipulation "the plaintiff must declare that [he] will not *seek* damages in excess of the jurisdictional minimum" and "must indicate that [he] will not *accept* an award in excess of the jurisdictional minimum." *Adams*, 2016 WL 6986892, at *3 (citations omitted).

In the Motion to Remand, Plaintiff stipulated that "the amount in controversy does not exceed $75,000.00 and that a higher amount will not be accepted even if awarded." (Doc. # 9-1 at 2). Both requirements of an unequivocal stipulation are clearly met by the Plaintiff's statement. As to the first prong, while Plaintiff does not explicitly state that he does not "seek" more than $75,000, his statement that the claim does not exceed that amount evidences that the Plaintiff is not pursuing or seeking an amount greater than $75,000. The Plaintiff then explicitly states that he would not accept a greater sum of money, and, thus, the second requirement is clearly met. The Court finds that Tackett has made an unequivocal stipulation limiting damages to less than $75,000, and thus the amount-in-controversy requirement for diversity jurisdiction is not met. Therefore, the case shall be **remanded.**

C.  Fees

"An order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances," fees are awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.*

Tackett argues that fees should be awarded because "Defendant's assertions [as to the amount in controversy] are nothing more than pure speculation" and therefore the removal was unreasonable. (Doc. # 9-1 at 5). As this Court has previously recognized, however, "[t]here is no precise template for crafting a pre-removal stipulation, and some courts have required more exacting language [in a stipulation] than others." *Adams*, 2016 WL 6986892, at *4 (collecting and comparing cases). As a result, the Court finds that Elovations did not have an objectively unreasonable basis for removal. Thus, Tackett's request for fees shall be **denied.**

III. CONCLUSION

Accordingly, for the reasons articulated herein, **IT IS HEREBY ORDERED** as follows:

(1)  The Motion to Remand (Doc. # 9) is **GRANTED**;

(2)  Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**; and

(3)  This case is **remanded** to the Kenton County Circuit Court, and stricken from this Court's docket.

This 22nd day of February, 2019.



K:\DATA\ORDERS\Cov2018\18-171 MOO re Motion to Remand.docx